**Mack GROVNER, Jr., Plaintiff-Appellant,**

v.

**GEORGIA–PACIFIC CORPORATION, and the International Chemical Workers Union and its Local Number 736, Defendants-Appellees.**

No. 80–7068
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 19, 1980.

Edward E. Boshears, Brunswick, Ga., for plaintiff-appellant.

Charles K. Howard, Jr., Robert J. Martin, Jr., Atlanta, Ga., for Ga. Pacific Co.

Thomas J. Lee, Andrew A. Taylor, Brunswick, Ga., for Internat'l Chemcial Workers Union.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Circuit Judge:

Georgia-Pacific discharged appellant Grovner, allegedly for fighting. The collective bargaining agent, International Chemical Workers Union, investigated, pursued the matter through several steps of the collective bargaining agreement grievance procedure in an attempt to obtain Grovner's reinstatement, and ultimately sought arbitration. After an arbitration hearing at which appellant was represented by both his own attorney and a union representative, the arbitrator found that appellant was discharged for just cause and that the employer had not violated the collective bargaining agreement.

Appellant then brought this suit in federal district court against both the union and Georgia-Pacific, alleging that the union had breached its duty of fair representation and that Georgia-Pacific had violated the collective bargaining agreement by discharging him. The district court deferred to the arbitrator's decision on the discharge claim, found that no material facts were in dispute on the duty of fair representation claim, and granted summary judgment for both defendants. On appeal appellant contends that the court's deference to the arbitrator's decision was erroneous because the arbitration hearing was fundamentally unfair and that material factual disputes exist as to whether the union breached its duty of fair representation.

As long as it draws its essence from the collective bargaining agreement an arbitrator's decision on the merits is generally unreviewable unless the arbitration proceeding was substantially inadequate. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Harris v. Chemical Leaman Tank Lines*, 437 F.2d 167 (5th Cir. 1971). Appellant argues that his indigency prevented him from obtaining a copy of the hearing transcript, which he

alleges was essential to adequate preparation of his brief to the arbitrator after the hearing. Despite the fact that appellant was represented by counsel at the hearing, and that the arbitrator heard all the evidence prior to making his decision, appellant contends that the unavailability of a free transcript deprived him of a fair hearing before the arbitrator and that the district court thus should not have deferred to the arbitrator's decision. No authority is given for the bare assertion that unavailability of a transcript because of unequal financial circumstances causes an arbitration proceeding to be substantially inadequate. Nor has appellant demonstrated that in this particular case his lack of access to the transcript denied him a fundamentally fair hearing; it is " 'idle speculation to assume that the result would have been different' " had appellant been provided with a transcript. *Humphrey v. Moore*, 375 U.S. 335, 351, 84 S.Ct. 363, 372, 11 L.Ed.2d 370, 382 (1964).

Moreover, an arbitration proceeding is less formal than judicial litigation. *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649 (5th Cir. 1979). Arbitration need not follow all the "niceties" of the federal courts; it need provide only a fundamentally fair hearing. *Wells v. Southern Airways, Inc.*, 616 F.2d 107 (5th Cir. 1980); *Totem Marine, supra; see also Parsons & Whittemore Overseas Co. v. Societe General de L'Industrie du Papier (Rakta)*, 508 F.2d 969 (2d Cir. 1974).

To prevail on his claim that the union breached its duty of fair representation, appellant must demonstrate that the union's conduct is "arbitrary, discriminatory, or in bad faith," *Wells v. Southern Airways, supra*, 616 F.2d at 109, or that the union discharged its duties in a perfunctory manner. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Turner v. Air Transport Dispatchers' Association*, 468 F.2d 297 (5th Cir. 1972). The undisputed facts are that the union investigated the discharge, pursued it through several steps

of the grievance procedure, and took the matter to arbitration. A union representative was provided to assist appellant at the arbitration hearing. The union did not provide appellant with a lawyer or purchase a hearing transcript for him, but as a matter of law these facts will not support appellant's claim against the union. See *Freeman v. O'Neal Steel, Inc.*, 609 F.2d 1123 (5th Cir. 1980); *Cox v. C. H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir. 1979). Summary judgment was therefore appropriate.

AFFIRMED.