**William David CURTIS,**
**Appellant/Cross-Appellee,**

v.

**UNITED TRANSPORTATION UNION,**
**Appellee/Cross-Appellant.**

**Nos. 82–1450, 82–1458.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1983.

Decided Feb. 22, 1983.

H. David Blair, Batesville, Ark., for appellant/cross-appellee.

Thomas A. Woodall, Rives & Peterson, Birmingham, Ala., for appellee/cross-appellant.

Before ROSS and McMILLIAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

William David Curtis filed a complaint in district court[1] alleging that the United Transportation Union (UTU) breached its duty of fair representation. The court found that although UTU acted in good faith and to the best of its ability, the union breached its duty because it acted in a perfunctory manner. The court reasoned that if UTU "were instead a law firm and those representing Mr. Curtis lawyers, ... those lawyers would be guilty of malpractice and incompetency in the handling of Mr. Curtis' claim."[2] UTU argues that the court erred in holding the union to a standard of care of an attorney. We agree.

Curtis had been a brakeman with the St. Louis-San Francisco Railway Company. In 1972 Curtis underwent brain surgery. Despite the opinion of his treating neurosurgeon that Curtis was medically fit to return to work, the railroad refused to reinstate Curtis. A neutral neurosurgeon selected by the railroad's physician with the approval of Curtis' treating physician believed that Curtis should not return to work because he posed a potential danger to himself and others. The union's general chairman represented Curtis in his dealings with the railroad and at an unsuccessful hearing before a Public Law Board held pursuant to the Railway Labor Act, 45 U.S.C. § 153. The court found that the general chairman was not competent by training or experience to handle the medical dispute. The court believed that an attorney would have objected to the selection process of the neutral physician and would have presented the claim differently before the Public Law Board.

In discussing a union's duty of fair representation, this court has stated that "so long as a union exercises its discretion in good faith and with honesty or purpose, a 'wide range of reasonableness must be allowed.' ... Mere negligence, poor judgment or ineptitude are insufficient to establish a breach of the duty of fair representation." *NLRB v. American Postal Workers Union*, 618 F.2d 1249, 1255 (8th Cir.1980) (citations omitted). To support a claim that the union acted in a perfunctory manner, there must be evidence that the union acted without concern or solicitude, or gave a claim only cursory attention. *See, e.g., Ethier v. United States Postal Service*, 590 F.2d 733, 736 (8th Cir.), *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). In this case, the court found that the general chairman acted "conscientiously and with a real interest in Mr. Curtis' welfare and with enthusiasm for his cause. He acted with solicitude and with concern." These findings of fact by the district court preclude the conclusion of law that UTU breached its duty of fair representation.[3]

A "union representative is not a lawyer and he cannot be expected to function as one." *Freeman v. O'Neal Steel, Inc.*, 609 F.2d 1123, 1127 (5th Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980). As was stated in *Findley v. Jones Motor Freight*, 639 F.2d 953 (3d Cir.1981):

> The standard to be applied to union advocacy in grievance proceedings must be governed by the climate in which it functions. The perimeters of the mini-

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

   Curtis originally brought suit against his employer and the union. Prior to trial, Curtis voluntarily nonsuited the employer. After a February 1979 trial, the court reinstated the employer as a party. *Curtis v. United Transp. Union*, 486 F.Supp. 966 (E.D.Ark.1979). This court reversed the order of reinstatement. *Curtis v. United Transp. Union*, 648 F.2d 492 (8th Cir.1981).

2. The district court issued its findings from the bench. The findings were reaffirmed in a sub-

sequent memorandum opinion. *Curtis v. United Transp. Union*, 486 F.Supp. at 970–71.

3. Curtis also argues that the union's failure to notify him of the hearing before the Public Law Board was a breach of its duty of fair representation, *citing Smith v. Hussmann Refrigerator Co.*, 619 F.2d 1229, 1241 (8th Cir.) (en banc), *cert. denied*, 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980). However, as UTU points out, there is no showing how Curtis was prejudiced by the lack of notice. *Id. See also Ramsey v. NLRB*, 327 F.2d 784, 788 (7th Cir.), *cert. denied*, 377 U.S. 1003, 84 S.Ct. 1938, 12 L.Ed.2d 1052 (1964).

mally acceptable conduct cannot be too lax, or there will not be an appropriate safeguard for the union member whose important contractual rights are entrusted to and dependent upon the union's efforts in his behalf. On the other hand, to hold lay union representatives to the demanding test applied to a trained trial lawyer would defeat the aims of informality and speedy resolution contemplated by labor-management grievance agreements.

*Id.* at 958.

Accordingly, the judgment is reversed.[4]

---

**4.** Because we hold that the district court erred in finding that UTU breached its duty of fair representation, we do not reach Curtis' claim that the court erred in failing to award him compensatory damages against UTU.