**Robert SANSOCIE, Plaintiff,**

v.

**ALLIED HEALTH CARE PRODUCTS, INC., a/k/a Medical Products of Chemetron, and District 9, I.A.M.A.W., Defendants.**

No. 82–1878–C(4).

United States District Court,
E.D. Missouri, E.D.

March 29, 1984.

Rex M. Burlison, O'Fallon, Mo., and Robert Sansocie, pro se, for plaintiff.

Cary Hammond, Dennis C. Donnelly, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This case is before the Court on defendants' motions for summary judgment. Plaintiff has sued his former employer, Allied Health Care Products, Inc. (Allied), for discharging him on two separate occasions in violation of the collective bargaining agreement. In addition, plaintiff joined his union to the suit, alleging that the union breached its duty of fair representation in plaintiff's attempts to contest the two discharges. *See* 29 U.S.C. § 185 (1976). For the following reasons, the Court will grant summary judgment in favor of the defendants and against the plaintiff.

Plaintiff was hired as a union employee by defendant Allied on January 14, 1980.

During plaintiff's employment, Allied and plaintiff's union were parties to a collective bargaining agreement covering the terms and conditions of plaintiff's employment with Allied. On January 28, 1982, plaintiff received a notice from Allied informing him that his employment with Allied was terminated. The reason for the termination was plaintiff's failure to notify Allied properly about plaintiff's absence from work under Article VII, § 10(d), of the collective bargaining agreement. Plaintiff filed a grievance against his termination asserting that he had complied with the requirements of the collective bargaining agreement by calling Allied on the second day of his illness. Plaintiff's grievance was processed by the union through the grievance process to arbitration. The arbitrator ordered that plaintiff be reinstated but because plaintiff did not call Allied on the first day of his illness, the arbitrator did not award plaintiff back pay.

Plaintiff returned to work on September 13, 1982. On October 20, 1982, plaintiff was discharged again by Allied. The reason for the second discharge was plaintiff's inability to work in an industrial environment due to his poor health. Plaintiff attempted to contact his union representative, Mr. Soutier. When he did talk with Soutier, Soutier told plaintiff to try to adjust his grievance directly with Allied. Plaintiff ignored this advice and instead filed this hybrid § 301 lawsuit. 29 U.S.C. § 185.

### I. *The January Discharge.*

■■■ Before an employee may sue his employer for violating a collective bargaining agreement, the employee must exhaust any exclusive grievance or arbitration procedures contained in the collective bargaining contract. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967). And once the grievance procedure has been exhausted through an arbitration award, a dissatisfied employee may not relitigate the same issues in federal court unless he can show that the union breached its duty of fair representation in processing the employee's grievance. *Hines v. An-*

*chor Motor Freight*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976). In the present case, plaintiff contends that the following faults of the union constitute a breach of the union's duty of fair representation.

(1) The union representative did not make an argument to the arbitrator based on Article XII of the collective bargaining agreement. Article XII states that a wrongfully discharged employee will be reinstated and awarded backpay. Plaintiff also alleges that Soutier failed to request backpay for plaintiff during Soutier's closing argument to the arbitrator.

(2) The union did not provide an attorney to represent plaintiff at the arbitration hearing.

(3) The union did not introduce Allied's offer to settle the case for $3,000 as evidence at the arbitration.

(4) The union failed to follow the collective bargaining agreement's procedures for selecting the arbitrator.

(5) The union did not expeditiously process plaintiff's grievance through the grievance procedures.

■■■ "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. at 190, 87 S.Ct. at 916. Plaintiff has alleged that the union acted discriminatorily and in bad faith in processing his January discharge grievance. Beyond the conclusory allegations in plaintiff's complaint, however, plaintiff has not come forward with any factual averments that would tend to prove that the union acted discriminatorily or in bad faith. The five union "errors" cited above do not, standing alone, demonstrate bad faith or discrimination. *See Findley v. Jones Motor Freight*, 639 F.2d 953, 959–60 (3d Cir. 1981). Plaintiff himself testified during his deposition that no one within the union had any animosity towards him. Thus, the only viable issue as to the January discharge

grievance is whether the union acted arbitrarily.

Arbitrary conduct cannot be shown through proof of union negligence, unwise judgment, or error. A union must be given a wide range of reasonableness in which to exercise its good faith discretion. Only when a union acts in a perfunctory or cursory manner, or proceeds without concern or solicitude for the union member's grievance, will the union be held to have acted "arbitrarily." *See Curtis v. United Transportation Union,* 700 F.2d 457, 458–59 (8th Cir.1983). The five errors asserted by plaintiff do not meet this standard. First, Soutier did raise the backpay issue during his closing arguments to the arbitrator. Soutier specifically asked for plaintiff's "S and A benefits up and until the time that [plaintiff] was scheduled to be released from the doctor." Arb.Tr. at 90. Plaintiff testified during his deposition that "benefits" include backpay. San Socie Dep.Tr. at 68–69. Second, an employee need not be represented by an attorney at arbitration proceedings, even if the employer is represented by an attorney. *Grovner v. Georgia-Pacific Corp.,* 625 F.2d 1289, 1291 (5th Cir.1980); *cf. Curtis v. United Transportation Union,* 700 F.2d at 458–59. Third, it is doubtful that the arbitrator would have allowed the union to introduce evidence of a settlement. Even if the evidence was allowed, it would have been of little probative value and it would not have affected the outcome of the arbitration. Fourth, the method of selecting the arbitrator that was actually used favored plaintiff's position. The collective bargaining agreement stipulates that the Federal Mediation and Conciliation Service will provide names of five prospective arbitrators to the parties. The parties then select one arbitrator by alternatively striking a name from the list. The method the defendants used for the January discharge arbitration was that the union submitted names of five prospective arbitrators to Allied, and Allied chose one of those five. Finally, the union's acquiesence in Allied's request for postponements was not unreasonable. "[T]he union's duty of fair representation is a collective duty owed equally to all members of the bargaining unit ...." *Sanders v. Youthcraft Coats & Suits, Inc.,* 700 F.2d 1226, 1229 (8th Cir.1983). A union would be remiss in discharging its collective duty of fair representation if it was not reasonably flexible in its individual dealings with the employer. *Id.* In addition, Article XI, § 2(d) of the collective bargaining agreement requires the parties to grant a good faith request for an extension of the prescribed time limits.

With the aid of 20/20 hindsight, plaintiff's allegations at most demonstrate some negligence on the part of the union. Plaintiff disclosed during his deposition that he thought that the union representative did a fair job and performed to the best of his abilities. It is apparent from plaintiff's deposition that his dissatisfaction is with the arbitrator and the arbitration award rather than with the union representative's performance. Thus, the pleadings, plaintiff's deposition, and plaintiff's representations on the record disclose that there is no genuine issue as to any material fact concerning Allied or the union's liability for plaintiff's January discharge. Summary judgment is therefore appropriate for this portion of plaintiff's complaint. *See Alexander v. Perkin Elmer Corp.,* 729 F.2d 576, at 577 (8th Cir.1984).

## II. *The October Discharge.*

As noted above, an employee may not sue his employer or his union unless he has exhausted the exclusive contractual remedies provided for in the collective bargaining agreement. However, there are three recognized exceptions to the exhaustion requirement. Plaintiff raises two of these exceptions to excuse his failure to initiate and exhaust his contractual remedies.

First, plaintiff claims that Allied repudiated the collective bargaining agreement's grievance procedure by discharging him in violation of the procedures established by the collective bargaining agreement. *See Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. at 914. This argument must fail as a matter of law. If an employer were

held to have repudiated the grievance procedures simply because it violated a substantive provision of the collective bargaining agreement when it discharged an employee, the exhaustion requirement would be thoroughly undermined. The record contains no averments of facts which would indicate that Allied had repudiated the grievance procedure. Allied's actions during the January discharge grievance process belie plaintiff's conclusory allegations to the contrary.

 Second, plaintiff contends that it would have been futile to file a grievance pertaining to the October discharge. *See Glover v. St. Louis-S.F. Ry.*, 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). Plaintiff premises this contention on the following facts. The Thursday or Friday after plaintiff received the October discharge notice, plaintiff called Soutier at the union but was unable to speak with him. Plaintiff left a message requesting that Soutier return the calls. By that Saturday, Soutier had not returned plaintiff's calls, so plaintiff called Soutier at Soutier's home twice on Saturday. On the second call, plaintiff was able to speak with Soutier. Soutier advised plaintiff to try to adjust the grievance directly with Allied. A week later plaintiff decided to file this lawsuit without any further attempts to initiate or exhaust the grievance procedures contained in the collective bargaining agreement. Plaintiff also asserts that the union's willingness to delay the January discharge grievance also made exhausting his contractual remedies on the October discharge futile.

Plaintiff's allegations, as a matter of law, do not meet the standard of futility needed to excuse an employee's failure to exhaust his contractual remedies. An employee must tolerate some difficulties in contacting his union representatives. *Mosley v. General Dynamics Corp.*, 112 L.R.R.M. 3388, 3391 (D.Mass.1983). The failure of his union representative to return a call over the course of two or three days is not so unreasonable as to make further attempts to process the grievance futile.

Plaintiff made no further attempt after that Saturday with Soutier to initiate the grievance process. Plaintiff's other allegations are equally without merit. Called at home on his day off, Soutier simply told plaintiff to try to work things out by himself first. Soutier never told plaintiff that the union would not process the grievance. The union's acquiesence in Allied's requests for delay during the January discharge grievance does not indicate futility, especially in light of the union's success in getting plaintiff reinstated. Again, the pleadings, plaintiff's deposition, and plaintiff's representations on the record indicate that there is no genuine issue of material fact as to whether it would have been futile to try to exhaust contractual remedies concerning plaintiff's October discharge. Plaintiff is therefore precluded from prosecuting this portion of his lawsuit in federal court against Allied or the union. Accordingly,

IT IS HEREBY ORDERED that defendants' motions for summary judgment are GRANTED.