# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1171

_____

Brook Rogers,           *
                                            *

           Appellant,         *

                                            *    Appeal from the United States

      v.                       *    District Court for the

                                            *    Eastern District of Arkansas.

Southwestern Bell Telephone     *

Company; Communications Workers   *          [UNPUBLISHED]

of America, AFL-CIO,            *

                                            *

           Appellees.         *

_____

Submitted: December 15, 2010
Filed: January 28, 2011

_____

Before RILEY, Chief Judge, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Brook Rogers appeals the district court's[1] grant of summary judgment in favor of Southwestern Bell Telephone Company and Communications Workers of America, AFL-CIO (CWA) (collectively "Defendants") in this hybrid suit under section 301 of the Labor Management Relations Act. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Western District of Arkansas.

## I.    BACKGROUND

In 1993, Brook Rogers was hired as a Cable Splicing Technician at Southwestern Bell Telephone Company, where he worked until he was discharged in 2007. During his employment, Rogers was represented by the CWA–a union that has a collective bargaining agreement with Southwestern Bell.

The regulations that govern the behavior and performance of Southwestern Bell employees are found in the Code of Business Conduct (COBC). Rogers, like other employees, periodically received an updated copy of the COBC and signed a form acknowledging that he had reviewed the document. Unchallenged evidence in the record shows that, at least as far back as February 2005, Rogers was repeatedly disciplined for violating the COBC. In September 2006, Rogers was put on Decision Making Leave–the final step in the disciplinary process. Rogers continued to receive reprimands. On March 6, 2007, he received a final warning, which stated that if he committed any violation during the next year he would be fired.

On December 5, 2007, as Rogers was leaving work, he took a terminal block–which he had uninstalled from a customer's house several weeks earlier–out of his work vehicle, placed it in a bag, and walked toward his car. Rogers' manager, Kate Brogan, saw him leaving with the bag and approached to ask what he was taking home. Rogers told Brogan that it was a terminal block and that it was "trash." Brogan told Rogers they would have to meet the next day regarding the incident.

Over the next two days, Southwestern Bell held a series of meetings that culminated in a finding that, by taking the terminal block, Rogers violated a COBC provision that prohibits employees from taking company property regardless of the property's value. On December 7, 2007, Southwestern Bell terminated Rogers. The collective bargaining agreement between Southwestern Bell and the CWA specifically

disqualifies an employee from receiving any severance if the employee is terminated for "misconduct." Southwestern Bell denied Rogers' request for severance pay, finding that his violation of the COBC constituted misconduct.

Rogers filed a grievance with the local branch of the CWA, asking the union to challenge his termination and to appeal Southwestern Bell's denial of his request for severance pay. The CWA investigated Rogers' claims, conducting interviews and requesting documents from Southwestern Bell. On January 24, 2008, the CWA representatives met with Southwestern Bell officials about Rogers' grievance, which Southwestern Bell denied. Rogers requested additional action from the St. Louis Branch of the CWA, which appointed Staff Representative Bill Wildoner to further evaluate Rogers' claims. Wildoner consolidated Rogers' termination and severance claims and, after investigation, concluded that neither was likely to succeed. Despite drawing this conclusion, Wildoner continued working on Rogers' behalf, negotiating a settlement agreement with Southwestern Bell. However, Rogers rejected the settlement. On April 1, 2008, Wildoner notified Rogers that he was not recommending his claim for arbitration. Rogers appealed to the CWA's internal arbitration review panel and, after that appeal was denied, appealed again to the CWA Executive Board. On November 10, 2008, the Executive Board issued a final denial.

On January 12, 2009, Rogers filed a complaint against Southwestern Bell and the CWA in Arkansas state court. The complaint alleged that Southwestern Bell unlawfully terminated Rogers and wrongfully denied him severance pay and that the CWA breached its duty of fair representation. Defendants removed to federal district court and, subsequently, filed a motion for summary judgment. On January 15, 2010, the district court granted Defendants' motion for summary judgment. Rogers appeals.

## II.    DISCUSSION

We review the district court's grant of summary judgment de novo.  In re Baycol Prods. Litig., 596 F.3d 884, 888 (8th Cir. 2010).  Rogers' claim is a hybrid claim against his former employer and union pursuant to the Labor Management Relations Act § 301.  Because this is a hybrid claim, to succeed against either defendant, Rogers must establish that: (1) the CWA breached its duty of fair representation, and (2) Southwestern Bell violated the collective-bargaining agreement by discharging him.  DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983).  Rogers has not raised a question of material fact on the first prong and, thus, both Defendants are entitled to summary judgment.

Establishing a breach of the duty of fair representation requires Rogers to show that the CWA made a decision related to his grievance that was "arbitrary, discriminatory, or in bad faith."  Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1999).  Rogers argues that the CWA acted arbitrarily and in bad faith, but he has not offered sufficient evidence to raise a question of material fact under either standard.

A union acts arbitrarily only when it is makes decisions that are "so far outside a wide range of reasonableness as to be irrational."  Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotation and citations omitted).  Rogers fills considerable space arguing that he survives summary judgment on this issue of the CWA's irrationality  because he has produced evidence that he could have or should have prevailed at arbitration.  But, even assuming he could prove this, it is not enough to survive summary judgment.  Raising a question of material fact about the correctness of a union's decision does not automatically raise a question of material fact about the union's rationality.  A union has considerable discretion in determining whether to compel arbitration on an employee's grievance.  Vaca v. Sipes, 386 U.S. 171, 191-92 (1967).  Here, the evidence does not support a reasonable jury finding

that the CWA was so clearly wrong about the merits of the claim that it was unreasonable. A union acts reasonably when it takes into account the weakness of its case and an employee's past record of infractions. See Matthews v. Milwaukee Area Local Postal Workers Union, 495 F.3d 438, 442 (7th Cir. 2007). Here, the CWA's experienced Staff Representative concluded, after a thorough investigation, that Rogers had violated the COBC, and that, given this violation and Rogers' extensive disciplinary record, arbitration was inappropriate. This was not unreasonable.

Rogers also argues that the CWA acted arbitrarily because the procedure it used to review his grievances was inadequate. "[A]rbitrary decision-making as to the merits of an employee's grievance may, in some circumstances, be shown where the union ignores the employee's complaint or processes the employee's grievance in a perfunctory manner." Martin v. Am. Airlines, Inc., 390 F.3d 601, 606 (8th Cir. 2004). A union acts in a perfunctory manner when it acts "without concern or solicitude" or gives a member's grievance "only cursory attention." Brown v. Trans World Airlines, Inc., 746 F.2d 1354, 1357 (8th Cir. 1984). However, an imperfectly processed grievance does not violate the duty. Landry v. The Cooper/T. Smith Stevedoring Co., 880 F.2d 846, 852 (5th Cir. 1989). Even negligence in a grievance-resolution process is not enough to breach the duty of fair representation. Smith v. United Parcel Serv., Inc., 96 F.3d 1066, 1068 (8th Cir. 1996). Rogers has not presented evidence that would allow a reasonable jury to conclude that the CWA did not meet this low standard. Despite his attempt to reframe it, Rogers' argument that the CWA failed to give his claims sufficient attention essentially boils down to another version of his argument, which is that, because the CWA did not reach Rogers' preferred conclusion, it must not have adequately considered his claims. Undisputed evidence shows that the CWA officials understood Rogers' argument, but ultimately did not accept it. Rogers has not presented any evidence of a perfunctory grievance-evaluation process and, thus, cannot survive summary judgment.

Rogers further argues that the CWA violated the duty of fair representation by consolidating his claims instead of independently evaluating and pursuing his settlement grievance. This argument fails for the same reason as the above argument–Rogers provided no evidence that the union acted irrationally by deciding the two claims turned on the same issues and, thus, were likely to reach the same outcome. Rogers argues that there is an additional reason to believe the consolidation decision was irrational and in bad faith: he claims the CWA did not timely notify him of the consolidation of his claims. However, even taking this allegation as true, it is not enough to survive summary judgment. "[W]hile a union's failure to notify a grievant may be negligent and in poor judgment, such an omission, without anything more, does not violate a union's duty of fair representation." Demars v. Gen. Dynamics Corp., 779 F.2d 95, 98 (1st Cir.1985). Here, Rogers offered nothing more and, thus, has not presented sufficient evidence to survive summary judgment.

Rogers' claim that the CWA acted in bad faith is also unconvincing. Bad faith action requires "fraud, deceitful action, or dishonest conduct." Baxter v. United Paperworkers Int'l Union, 140 F.3d 745, 747 (8th Cir. 1998). Rogers offers no evidence of dishonesty, personal hostility, or treatment that would suggest any union officer acted with anything less than good faith. See Vaca, 386 U.S. at 194. He cannot survive summary judgment based on bare allegations of bad faith.

Rogers has not raised a question of material fact about whether the CWA breached the duty of fair representation. Therefore, because this is a hybrid suit, both Defendants are entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, we affirm.

_____