Roger TAYLOR, Appellant,

v.

BELGER CARTAGE SERVICE, INC., and International Brotherhood of Teamsters, Local 41, Appellees.

No. 83–2662.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1985.

Decided May 17, 1985.

See also, D.C., 102 F.R.D. 172.

Larry Kinnamon, Kansas City, Mo., for appellant.

Michael Gordon, Kansas City, Mo., for Teamsters Local 41.

Gina Kaiser, Kansas City, Mo., for Belger Cartage.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Roger Taylor appeals from the district court's[1] grant of summary judgment to defendants Belger Cartage Service, Inc. ("Belger") and International Brotherhood of Teamsters, Local 41 ("Union"). Taylor had brought suit against the defendants alleging that his employer Belger had breached the collective bargaining agreement by refusing to allow him to "bump" a job after he was laid off, and that the Union had breached its duty of fair representation in processing his grievance. The district court granted defendants' motion for summary judgment, stating that the Union did not breach its duty of fair representation to Taylor, and that in the absence of such a breach, the result of the grievance process provided for in the collective bargaining agreement must be given final effect. We affirm the district court's order of summary judgment.

## I. Facts

Roger Taylor began working for Belger on July 28, 1969, as a truck driver, and became a member of the Union shortly thereafter. At all relevant times the terms of Taylor's employment with Belger were governed by collective bargaining agreements between Belger and the Union. On July 26, 1982, Taylor was laid off. On August 17 or 18, 1982, Taylor asked to be allowed to "bump" into a job located at the Burlington Northern Railroad Company ("Burlington ramp job"), being done by another Belger employee, James Bosworth. Bosworth had worked on the Burlington ramp job for about eleven years as an employee of Terminal Transfer, until Terminal Transfer went out of business in 1979 and Belger took over the job. Taylor felt he was entitled to bump Bosworth because he had more seniority with Belger than Bosworth had. The Union President, Del Nabors, and business agent Jim Catlin, told Taylor he could not bump the Burlington job because it was a house account.[2]

On August 20, 1982, Taylor asked his union steward, Joe Lindsey, to prepare a grievance concerning the company's refus-

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

2. Under the applicable collective bargaining agreements, the cartage business of certain companies can be designated as a house account. If a new cartage company obtains this business, the employee who serviced the account may follow the business and become an employee of the new cartage company. When an employee accompanies a house account to a new cartage company, he retains the seniority accumulated with the old employer. Thus, if the Burlington job had been a house account with Terminal, Bosworth could tack on his seniority with Terminal to his seniority with Belger, and have total seniority greater than Taylor's.

al to allow him to bump into the Burlington ramp job. Lindsey did so, and Taylor was satisfied with the wording of the grievance. The union business agent Jim Catlin presented Taylor's grievance to the Joint Local Area Committee on November 24, 1982. The committee deadlocked when three members voted to sustain the grievance and three members voted to dismiss it. Taylor again expressed satisfaction with the representation he received during the hearing.

On behalf of Taylor, the Union appealed the deadlocked decision to the Joint State Cartage Committee. Under the collective bargaining agreement, the decision of that committee is final and binding on both parties.[3] Prior to the hearing, Union business agent Doc Condor suggested that Taylor obtain notarized statements for use at the hearing from three employees who had worked the Burlington ramp job for Terminal Transfer, to prove that Terminal Transfer had not treated the job as a house account prior to 1979. Taylor obtained a written statement from only one of the three employees. The Joint State Cartage Committee heard Taylor's grievance on December 9, 1982, after Taylor had rejected a company settlement offer. Taylor, who was again represented by Catlin, also spoke in his own behalf. The committee voted to deny Taylor's grievance. Taylor then filed the complaint in this case on December 22, 1982.

## A. Propriety of Grant of Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also Hartford Accident and Indemnity Co. v.*

*Stauffer Chemical Co.,* 741 F.2d 1142, 1144 (8th Cir.1984). The record must be viewed in the light most favorable to the nonmoving party, giving that party the benefit of all favorable inferences that may be drawn from the record. *Id.* A party opposing a motion for summary judgment, however, "may not rest upon the mere allegations * * * of his pleading, but * * * must set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). *See also Salinas v. School District of Kansas City, Missouri,* 751 F.2d 288, 289 (8th Cir.1984).

### 1. Taylor's Claim Against the Union

 Taylor contends that the court erred in granting summary judgment in favor of Belger and the Union because ultimate fact issues remain for the jury, and because the facts viewed in a light most favorable to him could yield a verdict in his favor against both defendants. To establish a claim that a union has breached its duty of fair representation, a plaintiff must show that the Union's handling of his grievance was perfunctory, arbitrary, discriminatory, or in bad faith. *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 47, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979); *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967); *Brown v. Trans World Airlines, Inc.,* 746 F.2d 1354, 1357 (8th Cir. 1984). To show that the Union acted perfunctorily, the plaintiff must present evidence that the Union acted without concern or solicitude, or gave plaintiff's claim only cursory attention. *Brown,* 746 F.2d at 1357; *Curtis v. United Transportation Union,* 700 F.2d 457, 458 (8th Cir.1983). "Mere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation." *Curtis,* 700 F.2d at 458.

 In support of his claim that the Union breached its duty of fair representation,

---

**3.** The agreement states that "where a Joint State Cartage Committee, by majority vote, settles a dispute, no appeal may be taken * * * Such a decision will be final and binding on both parties." Central States Area Local Cartage Supplemental Agreement 1982–1985, Section 1(c), p. 97.

Taylor cites the Union's failure to introduce certain witnesses, and to cross-examine others; business agent Condor's advice to Taylor that he get notarized statements from three employees, although Taylor had no experience in getting such statements; and the need to "prod" the Union into representing him. Even if Taylor's contentions were supported by the evidence, they do not support a claim of breach of duty of fair representation. We agree with the district court that Taylor's allegations amount at most to a claim of negligence, which is insufficient to establish a breach of duty of fair representation. On several occasions, including after the complaint in this case was filed, Taylor expressed satisfaction with the representation he received from the Union. The record also contains evidence that the Union officials exhibited concern about Taylor's claim and a willingness to pursue it. The Union processed Taylor's grievance through every step of the grievance procedure. Taylor received representation from the Union at both hearings, and had an opportunity to be heard at both hearings. In sum, Taylor does not allege facts to support a contention that the Union's conduct in processing his grievance was arbitrary, discriminatory, or in bad faith. Thus the district court properly granted the Union's motion for summary judgment.

### 2. Taylor's Claim Against Belger

For a court to disrupt the binding effect of a finality provision such as the one in the collective bargaining agreement here[4], a plaintiff must be able to establish that the Union failed to fairly represent him in the grievance proceeding. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 570–71, 96 S.Ct. 1048, 1057, 1059, 47 L.Ed.2d 231 (1976). Because we hold that the district court properly granted summary judgment to the Union on Taylor's claim of breach of duty of fair representation, the result of the grievance procedure provided for in the collective bargaining agreement will not be disturbed,

and Taylor's claim against Belger must also fail.

### II. Conclusion

The district court's award of summary judgment to defendants Belger and the Union is affirmed.