Vernice GATES, Plaintiff,

v.

Marc TENZER, Leader Manufacturing Company, Inc., and Amalgamated Clothing and Textile Workers, AFL–CIO, CLC, Defendants.

No. 86–536C(6).

United States District Court,
E.D. Missouri.

Dec. 29, 1986.

James E. Lownsdale, St. Louis, Mo., for plaintiff.

Sheldon Weinhaus, Levin and Weinhaus, Jo Anne Clark Kuhns, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

Plaintiff Vernice Gates filed this suit on February 19, 1986 in the Circuit Court for the City of St. Louis seeking damages for intentional tort against Marc Tenzer, her supervisor, the Leader Manufacturing Company, Inc. (Leader), her employer, and the Amalgamated Clothing and Textile Workers Union, AFL–CIO, CLC (the Union), her bargaining representative. Plaintiff's complaint is based upon her loss of seniority at Leader. The union removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the basis that the action is one arising under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff in Count I of her complaint alleges that defendants Tenzer and Leader without cause or justification stripped her of her seniority rights in April 1985. She seeks actual and punitive damages for this alleged "intentional tort." In Count II of her complaint plaintiff seeks to recover actual and punitive damages from the union for its alleged failure "to honor and defend plaintiff's seniority rights." Count II is also cast as a claim sounding in tort.

■ After reviewing the case file and the applicable law, this Court concludes that plaintiff's claims on both counts are cognizable solely as breach of contract claims arising under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Despite plaintiff's characterization of the claims, the rights she contends to have been violated by defendants arise from the collective bargaining agreement between Leader and the union. "[A]ny attempt to assess liability will inevitably involve contract interpretation." *Allis-Chalmers v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). Where an asserted state law claim is "substantially dependent upon an analysis of the terms of an agreement made between the parties in a labor contract," it must either be treated as a § 301 claim or be dismissed as preempted by the exclusive jurisdiction of the National Labor Relations Board, 105 S.Ct. at 1916; *see also Moore v. General Motors Corp.,* 739 F.2d 311 (8th Cir.), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1984); *but see Anderson v. Ford Motor Co.,* 803 F.2d 953 (8th Cir.1986) (where rights and obligations asserted by plaintiffs do not derive from collective bargaining agreement and evaluation of claims will not require extensive interpretation of terms of labor agreement, federal labor law does not pre-empt state common law action). In ruling on defendants' motions this Court has therefore treated this action as one arising under § 301.

Defendant union has filed a motion to dismiss or in the alternative for summary judgment supported by affidavits of Rosylyn Sherman-Voellinger, International Representative of the Union, and Sallie Leggs, president from March 5, 1984 through April 3, 1985 of the Cape and Millinary Workers Local 17/55–56 (Local Union), which is now a part of defendant union. The affidavits attest to the following sequence of events:

On March 5, 1984 plaintiff approached Sallie Leggs as shop steward of the collective bargaining unit recognized by defendant Leader and requested that Leggs advise Leader that plaintiff wanted time off to spend with her hospitalized mother. Leggs and plaintiff met with defendant Tenzer as the employer's representative to discuss plaintiff's request. Tenzer at that time noted that he had spoken previously to plaintiff about taking substantial amounts of time off work and reminded her of the employee requirements of the shop. Plaintiff insisted that she needed the time and agreed to sacrifice her seniority in order to be granted the leave. She filed no grievance at that time. Article 27 of the collective bargaining agreement in effect between Leader and the union stipulates that grievances involving matters other than discharge shall be brought within 20 days of the complained conduct.

On January 21, 1985, defendant Tenzer, Leggs, Sherman-Voellinger, plaintiff's

nurse Sheila Brooks and plaintiff met to discuss a request by plaintiff's disability insuror that she be allowed to work just two days a week for four hours a day. Defendant Tenzer stated that plaintiff's status was that of a part-time employee who would not have seniority over a full-time employee. Plaintiff filed no grievance at that time.

On April 15, 1985 plaintiff met with Leggs, Sherman-Voellinger and defendant Tenzer. In the course of that meeting plaintiff indicated that she had not agreed to give up her seniority in 1984 but knew that her seniority had been adversely affected at that time. On April 22, 1985 plaintiff filed a grievance requesting return of her seniority. The employer responded to the grievance by relating the above-narrated sequence of events and indicating its determination that while it had not wanted to terminate plaintiff for her absences, it considered it unfair to other employees and disruptive of the shop to permit plaintiff to retain her seniority while maintaining such a poor attendance record. The Executive Board of the Local Union voted not to request arbitration.

Plaintiff, after being advised of her appeal procedures, appealed the decision of the Executive Board to the St. Louis Joint Board. The Joint Board found on October 8, 1985 that there had been no showing that the local union's disposition of the grievance or its processing was done in a manner that was arbitrary, discriminatory, perfunctory or in bad faith.

Although the International Constitution provides for a further appeal of the decision of the Joint Board to the General Executive Board, plaintiff forewent her appeal right and instead filed her tort action in state court.

Defendant union moves this Court to dismiss plaintiff's claim alternatively on the grounds that it was not timely filed or that plaintiff failed, prior to bringing suit, to exhaust her internal contractual remedies.

■ Plaintiff filed her suit in state court on February 19, 1986, within six months of the adverse decision on her appeal by the St. Louis Joint Board. This Court recognizes that plaintiff's grievance of the adverse action taken against her seniority allegedly either in March 1984 or January 1985 was not timely filed with the union; the union's consideration of it, however, must be deemed a waiver of the Article 27 limitations period.[1] Plaintiff's court-suit was filed within six months of the date that her cause of action against the union accrued. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (setting six month limitations period for § 301 suits against both employer and union). Dismissal on this basis is therefore unwarranted.

■ Defendant union's argument that plaintiff failed to exhaust her contract remedies has more merit. The requirement of exhaustion, however, will be excused where the union has breached its duty of fair representation in its handling of the grievance at issue. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Since plaintiff alleges such a breach by the union, dismissal on this ground would be inappropriate.

Defendant union alternatively moves the Court for summary judgment on Count II of plaintiff's complaint, arguing that plaintiff cannot make out a showing of unfair representation as a matter of law. This Court agrees.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment will be granted "if the

---

1. Plaintiff in any case alleges in her complaint that the adverse action with regard to her seniority occurred in April 1985. This contested factual issue would preclude dismissal on the basis of limitations. The dispute between the parties concerning the date of the employer action, however, is not material to this Court's determination that the Union processed plaintiff's grievance in good faith, and does not create a "genuine issue of material fact" precluding the grant of summary judgment on that basis under Rule 56(c).

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also Hartford Accident and Indemnity Co. v. Stauffer Chemical Co.,* 741 F.2d 1142, 1144 (8th Cir.1984). The record must be viewed in the light most favorable to the nonmoving party, giving that party the benefit of all favorable inferences that may be drawn from the record. *Id.* A party opposing a motion for summary judgment, however, "may not rest upon the mere allegations ... of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). *See also Salinas v. School District of Kansas City, Missouri,* 751 F.2d 288, 289 (8th Cir.1984); *Taylor v. Belger Cartage Service, Inc.,* 762 F.2d 665 (8th Cir.1985).

To establish a claim that a union has breached its duty of fair representation, a plaintiff must show that the union's handling of his grievance was perfunctory, arbitrary, discriminatory, or in bad faith. *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 47, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979); *Taylor,* 762 F.2d at 667. To show that the union acted perfunctorily, the plaintiff must present evidence that the union acted without concern or solicitude, or gave plaintiff's claim only cursory attention. *Brown v. Trans World Airlines, Inc.,* 746 F.2d 1354, 1357 (8th Cir.1984). "Mere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation." *Curtis v. United Transportation Union,* 700 F.2d 457, 458 (8th Cir.1983).

In this case the affidavits submitted by defendant union amply demonstrate that the union gave adequate attention to plaintiff's grievance. In fact, the union took the grievance under consideration although plaintiff first raised it substantially after the time it came to her attention. Plaintiff's affidavit in response, in which

she avers that "the union was not working in my best interest," cannot be deemed to create a genuine factual issue concerning the union's performance of its duty of fair representation. Accordingly, summary judgment is appropriate on this count of plaintiff's complaint.

Defendants Tenzer and Leader have moved the Court to dismiss Count I of plaintiff's complaint on the basis that she has failed to exhaust her contractual remedies. *See Vaca,* 386 U.S. 171, 87 S.Ct. 903; *Hines,* 424 U.S. 554, 96 S.Ct. 1048. As noted above, plaintiff failed to appeal the decision of the Joint Board as provided in the International Constitution. The exhaustion requirement under § 301 may only be excused if plaintiff makes a "clear and positive" showing that exhaustion would be futile, or if the union either refused to process plaintiff's grievance or otherwise processed it in bad faith. *Miller v. Chrysler Corp.,* 748 F.2d 323, 326 (6th Cir.1984). This Court's ruling on Count II precludes such a showing by plaintiff.

Accordingly, plaintiff's claim against defendants Tenzer and Leader is dismissed.

### ORDER

Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that the motion of defendants Marc Tenzer and Leader Manufacturing Co., Inc. to dismiss plaintiff's complaint be and it is granted.

IT IS FURTHER ORDERED that the motion of defendant Amalgamated Clothing & Textile Workers, AFL–CIO, CLC to dismiss plaintiff's complaint or in the alternative for summary judgment be and it is granted.

IT IS FURTHER ORDERED that the motion of plaintiff Vernice Gates for oral argument on defendants' motions be and it is denied.