815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel FALCONELLO, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, a Delaware corporation, and the
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America, Local Union
228-UAW, Region 1, Defendants-Appellees.
 No. 86-1335.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1987.
 
 Before KRUPANSKY, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and WEBER, District Judge.*
 CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Plaintiff-appellant Samuel Falconello appeals the district court's grant of summary judgment in favor of defendants-appellees Ford Motor Company ("Ford") and The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, Local Union 228-UAW, Region 1 ("UAW" or "Union"), thereby resolving Falconello's hybrid Sec. 301/unfair representation action. Falconello contends on appeal that genuine issues of material fact existed which should have precluded the district court's summary disposition of his case. Finding no such issues to have been present, we affirm.
 
 
 2
 Falconello began employment with Ford in 1962 and subsequently became a member of the UAW. In 1981, he was working as a "tube mill job setter." Ford accused Falconello of gross negligence and careless workmanship in the manufacturing of 69,120 defective tubes, representing $271,641.60, between July 23 and July 30, 1981. According to Ford, these parts would not have been produced in a defective condition if Falconello had performed the routine quality checks required of him. Ford initially desired that Falconello be discharged. After discussions with UAW representatives, however, Ford agreed not to seek Falconello's discharge if he would agree to a two-week suspension, to disqualification from the tube mill setup job, and not to file a grievance. Falconello agreed to this compromise and signed the job disqualification form admitting that he was not qualified to do his job.
 
 
 3
 Returning to work after his suspension (which had been reduced to one week), Falconello requested the Union to file a grievance against Ford. The Union refused to file a grievance, however, ostensibly because Ford had adhered to its part of the disciplinary settlement which had been reached regarding Falconello, a bargain the UAW regarded as fair, reasonable and preferable to lengthy grievance procedures which could have culminated in Falconello's discharge. Falconello pursued his request before the general membership of the union local, which voted on September 26, 1981 that a grievance should be filed. A grievance was then filed, on September 29, 1981. Ford found that the grievance lacked merit and also was untimely, and denied it on December 3, 1981. The Union officially withdrew the grievance in December, 1982.
 
 
 4
 After pursuing his internal union remedies,[1] Falconello initiated the instant hybrid Sec. 301/unfair representation action against Ford and the UAW in January, 1985.[2] He alleged that Ford had wrongfully disciplined him and that the UAW had breached its duty of fair representation by failing to file a timely grievance protesting Ford's employment action. The Union subsequently filed a motion for summary judgment supported by affidavits and exhibits demonstrating that it had entered into a reasonable, good faith settlement agreement with Ford for the benefit of Falconello, and had refused to file a grievance at Falconello's request due to its belief that the bargain which had been reached with Ford, to which Ford had adhered, was fair to Falconello and preferable to a lengthy grievance procedure which could have culminated in Falconello's discharge. Ford's motion for summary judgment was supported by affidavits and exhibits tending to show the propriety of its taking disciplinary action against Falconello. Falconello responded with affidavits and exhibits designed to support his contention that he had not been derelict in the performance of his job duties. The district court granted the defendants' motions for summary judgment in March , 1986, and this appeal ensued.
 
 
 5
 Falconello argues on appeal that the district court erred in granting summary judgment in favor of Ford and the UAW. According to Falconello, an examination of his affidavits and exhibits should have revealed to the district court "no less than 14 material issues of fact." We disagree.
 
 
 6
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the movant has the burden of showing that there exist no genuine issues of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986) (original emphasis). Moreover, although we have stated that "summary judgment ... must be used only with extreme caution for it operates to deny a litigant his day in court," Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the Supreme Court recently stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2555 (1986) (quoting Fed.R.Civ.P. 1). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that insufficient evidence exists favoring the nonmoving party for a jury to return a verdict for that party. Liberty Lobby, 106 S.Ct. at 2510-11; see also Celotex, 106 S.Ct. at 2554. Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S.Ct. at 2553.
 
 
 7
 To sustain a claim that a union has breached its duty of fair representation, the aggrieved union member must demonstrate that the union acted arbitrarily, discriminatorily, or in bad faith. Vaca v. Sipes, 386 U.S. 171, 190 (1967); Anderson v. Ideal Basic Industries, 804 F.2d 950, 952 (6th Cir.1986); Ruzicka v. General Motors Corp., 523 F.2d 306, 309 (6th Cir.1975). Arbitrary, discriminatory, or bad faith conduct is not established by showing that the union settled a grievance short of arbitration. Vaca, 386 U.S. at 192. "A union is afforded a wide range of reasonableness in representing its members...." Anderson, 804 F.2d at 952; see Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953). Nor is a union's breach of its duty established by a later showing that the grievance not processed by the union was meritorious. Vaca, 386 U.S. at 193-95; see Anderson, 804 F.2d at 953 ("The relevant issue in assessing a Union's judgment is not whether it acted incorrectly...."); Poole v. Budd Co., 706 F.2d 181, 183 (6th Cir.1983) ("[M]ere negligence or mistaken judgment is insufficient to establish a breach of the union's duty."). Clearly, a union's breach is not established by merely showing that the employee is dissatisfied with the outcome of the union's representation. See Huffmann, 345 U.S. at 338. Rather, to establish that a union acted in a manner that was arbitrary, discriminatory, or in bad faith, it must be shown that the Union handled the grievance in a perfunctory fashion, Vaca, 386 U.S. at 191, "with caprice or without rational explanation," Poole, 706 F.2d at 183, "without concern or solicitude, or [by giving] plaintiff's claim only cursory attention," Taylor v. Belger Cartage Service, Inc., 762 F.2d 665, 667 (8th Cir.1985) (per curiam). See also Anderson, 804 F.2d at 953.
 
 
 8
 In the instant case, Falconello's complaint conclusorily alleged that the Union breached its duty of fair representation merely because it refused to file a grievance against Ford on his behalf after being requested to do so. The affidavits and exhibits filed by Falconello in response to the defendants' motions for summary judgment tended to show only that Falconello had not been derelict in his job performance, as Ford had alleged, and therefore possessed a meritorious grievance. None of the facts contained in Falconello's affidavits and exhibits, including those alleged on appeal to represent "material issues of fact" precluding summary judgment,[3] was material to establishing that the Union had acted in a manner that was arbitrary, discriminatory, or in bad faith. Indeed, nothing in the record or appellant's brief demonstrates that Falconello had made any showing to establish conduct on the part of the Union requisite for a finding of unfair representation. Accordingly, the district court's grant of summary judgment in favor of the UAW was proper.
 
 
 9
 For an employer to be liable in a hybrid Sec. 301/unfair representation action, the employee must establish both that the employment action was contrary to the collective bargaining agreement and that the union breached its fair representation duty. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983); United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 67 (1981) (Stewart, J., concurring in judgment); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976); see Poole, 706 F.2d at 185. Consequently, having determined that summary judgment for the UAW was proper, we find that the district court properly granted summary judgment in favor of Ford also.
 
 
 10
 In light of the foregoing, the decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable Herman Jacob Weber, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Falconello appealed to the International Executive Board in March, 1983, but the appeal was denied in October, 1983, and the Convention Appeals Committee declined to reverse the Board in July, 1984
 
 
 [2]
 Suit was originally brought in Michigan state court and removed to federal district court in May, 1985, based on federal question jurisdiction. See 28 U.S.C. Sec. 1441 (1982)
 
 
 [3]
 More precisely, thirteen of the fourteen "material issues of fact" which Falconello alleges on appeal should have precluded summary judgment relate only to Falconello's assertion that he was not guilty of job malfeasance. The final material fact listed by Falconello, whether the UAW breached its duty of fair representation, is, of course, not an issue of fact at all, but the ultimate question in Falconello's suit against the Union