**John W. HARRIS, Plaintiff-Appellant,**

v.

**SCHWERMAN TRUCKING COMPANY, et al., Defendants-Appellees.**

No. 81–7022.

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 1982.

which was heard by the Southern Tank Haul Joint Committee on April 8–9, 1980. Harris was present at the meeting and was represented by the Business Representative of Teamsters Union Local 612. The minutes of the meeting reflect that Harris, a truck driver for Schwerman, delivered a load of waste to a dump site on March 28, 1980. While there he asked for a sample of water and the management at the site refused.[1] As a result of this incident Schwerman discharged Harris. Schwerman's representative explained to the Joint Committee that their customer (the dump site) complained about Harris and had told Schwerman not to deliver to the site again.

At the hearing both the Union representative and Schwerman's representative spoke to the merits of the grievance. Harris also spoke on his own behalf at the hearing. After considering the grievance, the Joint Committee upheld Schwerman's discharge of Harris.

Harris then filed suit against Schwerman and the Union alleging that Schwerman's discharge was wrongful and in violation of the collective bargaining agreement and that the Union breached its duty of fair representation by handling his grievance in a "bad faith and perfunctory" manner. The District Court granted summary judgment in favor of Schwerman and the Union and this appeal followed. We find that Harris failed to present evidence that the Union breached its duty of fair representation (the sole issue on appeal) and consequently, affirm the District Court's order granting summary judgment.

William H. Roe, Sidney C. Summey, Jr., Birmingham, Ala., for plaintiff-appellant.

Walter H. Flamm, Jr., John J. McAleese, Jr., Bala Cynwyd, Pa., for defendants-appellees.

Before RONEY and FAY, Circuit Judges, and EDENFIELD *, District Judge.

FAY, Circuit Judge:

After his discharge by Schwerman Trucking Company, John Harris filed a grievance

The collective bargaining agreement between Local 612 and Schwerman provided that "[a] decision by a majority of any panel of the Joint Committee shall be final and binding on the parties and employees involved." When a collective bargaining agreement provides a mechanism

---

* The Honorable Newell Edenfield, United States District Judge for the Northern District of Georgia, sitting by designation. This case is being decided by a quorum due to the death of Judge Edenfield on December 26, 1981. 28 U.S.C. § 46(d).

1. Counsel for appellant explained during oral argument that Harris requested the sample because he was concerned that waste at the site might contain hazardous substances.

whereby grievances are submitted to binding arbitration, a decision of the arbitrator may not normally be relitigated in federal court. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960). The union, however, has an obligation to fairly represent the employee during the course of grievance proceedings and if the union breaches its duty of fair representation, the bar to federal court review is lifted. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). "Under the doctrine, a union must represent fairly the interests of all bargaining-unit members during negotiation, administration, and enforcement of collective bargaining agreements." *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 47, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979). The focus is on the union's conduct during the course of its representation of the employee, if the grievance was fairly presented a court will not second guess an arbitrator's decision regarding the merits of the employee's grievance. *Hines*, 424 U.S. at 571, 96 S.Ct. at 1059. In order to establish that the union has breached its duty of fair representation it must be shown that the union's handling of the grievance was either " 'arbitrary, discriminatory, or in bad faith,' as, for example, when it 'arbitrarily ignore[s] a meritorious grievance or process[es] it in [a] perfunctory fashion.' " *Foust*, 442 U.S. at 47, 99 S.Ct. at 2125 (quoting *Vaca v. Sipes*, 386 U.S. 171, 190–91, 87 S.Ct. 903, 916–17, 17 L.Ed.2d 842 (1967)). *See, e.g., Grovner v. Georgia-Pacific Corp.*, 625 F.2d 1289, 1290 (5th Cir. 1980); *Abilene Sheet Metal, Inc. v. NLRB*, 619 F.2d 332, 347 (5th Cir. 1980).

The "perfunctory" aspect of the above quote is the subject of this appeal. Appellant Harris argues that a genuine issue of fact exists as to whether the Union's representation of his claim was so perfunctory as

to be a breach of the duty of fair representation. The District Court, however, correctly determined that the conclusory allegations contained in Harris' affidavit were insufficient to create a genuine factual dispute.[2] *Benton-Volvo—Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 139 (5th Cir. 1973). Consequently, the sole issue presented on appeal is whether, as a matter of law, the Union's conduct was so perfunctory as to be a breach of its duty of fair representation.

We note that a union is allowed considerable latitude in its representation of employees. The grievance and arbitration process is not conducted in a judicial forum and union representatives are not held to strict standards of trial advocacy. *Findley v. Jones Motor Freight*, 639 F.2d 953, 958 (3d Cir. 1981); *Grovner*, 625 F.2d at 1290. Cases are uniform in holding that neither negligence on the part of the union nor a mistake in judgment is sufficient to support a claim that the union acted in an arbitrary and perfunctory manner. *See, e.g., Findley*, 639 F.2d at 960; *Ruzicka v. General Motors Corp.*, 649 F.2d 1207, 1212 (6th Cir. 1981); *Hoffman v. Lonza, Inc.*, 658 F.2d 519, 521 (7th Cir. 1981); *Wyatt v. Interstate & Ocean Transport Co.*, 623 F.2d 888, 891 (4th Cir. 1980); *NLRB v. American Postal Workers Union*, 618 F.2d 1249, 1255 (8th Cir. 1980); *Coe v. United Rubber, Cork, Linoleum & Plastic Workers of America*, 571 F.2d 1349, 1350–51 (5th Cir. 1978); *Robesky v. Qantas Empire Airways Ltd.*, 573 F.2d 1082, 1090 (9th Cir. 1978). The union is accorded a "wide range of reasonableness" in the exercise of its discretion, and although it is circumscribed by a duty to act with "complete good faith and honesty of purpose," *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953), the employee's burden "remain[s] a substantial one." *Hines*, 424 U.S. at 570, 96 S.Ct. at 1059. Nothing less than

---

**2.** Harris made additional arguments to the District Court in a motion for reconsideration and repeats those arguments on appeal. They were not before the District Court during its consideration of the summary judgment motion and we decline to consider them on appeal. *Ad-*

*ickes v. Kress & Co.*, 398 U.S. 144, 157–58 n.16, 90 S.Ct. 1598, 1608–09 n.16, 26 L.Ed.2d 142 (1970); *Frank C. Bailey Enterprises, Inc. v. Cargill, Incorp.*, 582 F.2d 333, 334 (5th Cir. 1978).

a demonstration that the union acted with reckless disregard for the employee's rights or was grossly deficient in its conduct will suffice to establish such a claim. *See, e.g., Wyatt,* 623 F.2d at 891; *Robesky,* 573 F.2d at 1090. In this context, we believe that a claim that a union acted "perfunctorily" requires a demonstration that the union ignored the grievance, inexplicably failed to take some required step, or gave the grievance merely cursory attention.[3]

The undisputed facts of the present case do not demonstrate such conduct on the part of the Union. The record reveals that the Union provided Harris with a representative to assist with the grievance, that a Joint Committee hearing was requested and held regarding the merits of Harris' grievance, that the Union representative explained Harris' grievance to the Joint Committee and spoke in rebuttal to Schwerman's presentation, that Harris was given an opportunity to speak, and that Harris used that opportunity to further elaborate on the circumstances surrounding his discharge.

In opposition to summary judgment Harris chose to rely on conclusory allegations which suggest that the Union's representation was either inept or ineffective. Neither criteria is an appropriate standard by which to evaluate a claim of perfunctory conduct. *See Freeman v. O'Neal Steel, Inc.,* 609 F.2d 1123, 1127 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980) ("The union representative is not a lawyer and he cannot be expected to function as one."); *Connally v. Transcon Lines,* 583 F.2d 199, 203 (5th Cir. 1978) (although the representation "was not perfect," it "was not so poor as to deprive the plaintiffs of a fair hearing"). The summary judgment is AFFIRMED.

3. Also helpful is the definition offered by the District Court for the Southern District of Georgia: "to do it merely to get through or rid of the matter; as a matter of routine and for form's sake only, without interest or zeal." *Mitchell v. Hercules Incorp.,* 410 F.Supp. 560,

568 (S.D.Ga.1976). *See also Ethier v. United States Postal Service,* 590 F.2d 733, 736 (8th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979) ("without concern or solicitude; indifferent").