816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward K. HOWELL, Plaintiff-Appellant,
v.
The MILLER BREWING COMPANY; Chauffeurs, Teamsters and
Helpers Local Union 391, Defendants-Appellees.
 No. 86-3568.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1987.
Decided April 13, 1987.
 
 Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Edward K. Howell, appellant pro se.
 John Edwin Donovan, Fisher & Phillips; Richard Lindsey Wharton, Clark & Wharton, for appellee Miller Brewing.
 John David James, Smith, Patterson, Follin, Curtis, James & Harkavy, for appellee Union.
 PER CURIAM:
 
 
 1
 This appeal arises out of Edward K. Howell's effort to overturn a three-day suspension imposed by Miller Brewing Company ("Miller") after Howell, a brewery employee, overstayed a break.[1] The union which represents Howell's bargaining unit, Chauffeurs, Teamsters and Helpers Local 391 ("Local 391" or "Union"), processed a grievance on Howell's behalf but declined to proceed with it to arbitration proceedings. Howell seeks judicial relief, claiming that the Union breached its duty of fair representation and that Miller breached the applicable collective bargaining agreement.
 
 
 2
 Finding as a matter of law that Howell could establish neither that the Union breached its fair representation duty nor that Miller violated the collective bargaining agreement, the district court granted summary judgment for Local 391 and Miller. We affirm.
 
 
 3
 Howell was suspended for three days when his supervisor concluded that he had overstayed a break period. The applicable collective bargaining agreement contained a three-step grievance procedure and a right of appeal to arbitration. Local 391 processed Howell's grievance through the third step of the grievance process. Miller denied the grievance at the second and third steps, and the Union appealed the grievance to arbitration.
 
 
 4
 Thereafter, the Union executive board, which is ultimately responsible for determining whether grievances should be appealed to arbitration, met. The board determined that it would not proceed to arbitration because the chances of success in arbitration were very small. Specifically, the board reasoned that success was unlikely because Howell had admitted overstaying his break and Miller had a consistent policy that employees were not permitted to extend breaks by restroom visits without a supervisor's permission.
 
 
 5
 Howell then filed suit against Miller and Local 391 seeking damages, claiming, among other things, that Local 391's representation was arbitrary, perfunctory and in bad faith. On appeal, Howell contends that genuine issues of material fact existed, thereby precluding summary judgment. In support of this contention he offers essentially the same instances as those offered below. With respect to Local 391, Howell's principal allegations are that (1) he was not permitted to attend a grievance meeting, and (2) Local 391's hostility toward him affected its processing of his grievance.
 
 
 6
 The resolution of a grievance under a contractually established scheme is ordinarily final and binding on the parties. See Hardee v. North Carolina Allstate Services, 537 F.2d 1255, 1258 (4th Cir.1976). In order to overturn the decision, Howell must establish that the Union handled his grievance perfunctorily or in bad faith and that "there is substantial reason to believe that a union breach of duty contributed to an erroneous outcome in the contractual proceedings." Id. Simple negligence, ineffectiveness, or poor judgment is insufficient to establish a breach of the union's duty. See Harris v. Schwerman Trucking Co., 668 F.2d 1204, 1206-07 (11th Cir.1982). Rather, the union's conduct must be "grossly deficient" or in reckless disregard of the member's rights. Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888, 891 (4th Cir.1980).
 
 
 7
 Even in the light most favorable to Howell, the facts and inferences do not create a triable claim of grossly deficient representation. A union does not breach its duty of fair representation simply by failing to give the grievant-member an opportunity to attend and notice of a particular segment of the grievance process. Higdon v. United Steelworkers, 706 F.2d 1561, 1562 (11th Cir.1983). Thus, Howell's contentions on this point do not raise a factual issue barring summary judgment.
 
 
 8
 With respect to the allegation of Union hostility, a showing of hostility alone is insufficient to establish that the Union acted in bad faith in handling Howell's grievance. See Freeman v. O'Neal Steel, Inc., 609 F.2d 1123, 1127 (5th Cir.), cert. denied, 449 U.S. 833 (1980). Moreover, as the district court noted, Howell complimented Local 391's business agent on his presentation of the grievance. Such statements are evidence of full and fair representation. See Hart v. National Homes Corp., 668 F.2d 791, 794 (5th Cir.1982). The Union's decision not to pursue arbitration was supported by several logical reasons, and Howell failed to show that alleged hostility affected that decision in any way. Howell's lack of satisfaction is not grounds for overturning Local 391's decision not to pursue arbitration. See id.[2]
 
 
 9
 On appeal Howell offered exhibits that were not part of the record in this case. This Court generally cannot consider evidence which was not before the court below. Coalition for Responsible Regional Development v. Brinegar, 518 F.2d 522, 527 (4th Cir.1975). Even if these documents were to be considered, Howell presented nothing that would disturb the district court's conclusion.
 
 
 10
 In summary, Howell failed to create a genuine issue of material fact with respect to the Union's conduct in processing the grievance. Because we find that the Union did not breach its duty of fair representation, we need not decide whether the discharge was a violation of the collective bargaining agreement. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The district court had jurisdiction over this suit under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a)
 
 
 [2]
 Howell's other contentions were also without merit