[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15119
Non-Argument Calendar

_____

D. C. Docket No. 03-22763-CV-AJ

PATRICIA TAAFFE,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,
COMMUNICATIONS WORKERS OF AMERICA,
COMMUNICATIONS WORKERS OF AMERICA, LOCAL 3122,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2006)**

Before ANDERSON, BIRCH and HILL, Circuit Judges.

PER CURIAM:

Patricia Taaffe appeals the grant of summary judgment to her employer on her claim against both her employer for breach of contract by violation of the collective bargaining agreement and her union for breach of its duty of fair representation under 29 U.S.C. § 159(a). In such a hybrid § 301/fair representation claim, plaintiff must be able to establish both that the employer breached its collective bargaining agreement (the "CBA") with the union, as well as that the union breached its duty of fair representation of her. In this case, the district court held that while there were material issues of genuine fact as to the former, Taaffe failed to establish that the union acted irrationally or arbitrarily in settling a grievance against her. We find no error in this conclusion.

I.

This case arises out of the selection of one employee over another for promotion. The employer, Bell South Telecommunications, Inc., reviewed the applicants and selected Patricia Taaffe for promotion to Material Services Coordinator over the more senior employee, Debbie Markham. The collective bargaining agreement between the employer and the union in this case provides that:

> In the selection of employees within the bargaining unit for
> promotions within the bargaining unit, seniority shall govern if other

2

necessary qualifications of the individuals are substantially equal.

Based upon her seniority, Markham grieved the selection to the union, Communications Workers of America and Local 3122. The union settled the grievance in Markham's favor. Taaffe was returned to her former, lower-paying position. She filed this action, alleging that the union breached its duty of fair representation to her by settling the selection grievance in Markham's favor.

The union breaches its duty of fair representation to Taaffe if it unreasonably concludes that the employer's selection of her for promotion was arbitrary. Taaffe argues that the union could not have reasonably reached such a conclusion because, although Markham was senior, her qualifications were not "substantially equal" to Taaffe's because her attendance record was "significantly worse" than Taaffe's.

## II.

It is important to keep in mind in this case that we are limited in our review of the settled grievance. In assessing whether a union has breached its duty of fair representation, we are limited to the determination of whether the union's actions were "arbitrary, discriminatory, or in bad faith." *Vaca v. Snipes*, 386 U.S. 171, 190 (1967). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a

'wide range of reasonableness' . . . as to be irrational." *Airline Pilot's Assoc. v. O'Neill*, 499 U.S. 65, 67 (1991). We have adhered to these principles, noting that the "cases are uniform in holding that neither negligence of the union nor a mistake in judgment is sufficient to support a claim that the union acted in an arbitrary and perfunctory manner," and that "nothing less than a determination that the union acted with reckless disregard for the employee's rights or was grossly deficient in its conduct will suffice to establish [a breach of the duty claim]." *Harrris v. Schwermann Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982) (citations omitted).

Nor does our review of a union's settlement of a grievance focus on whether the underlying grievance had merit. "It is settled law that a breach of the fair representation duty cannot be based on the trial court's view regarding the probability of success on the merits of the grievance." *Freeman v. O'Neal Steel, Inc.*, 609 F.2d 1123, 1126 (5th Cir. 1980). "Breach of the duty of fair representation is not established by proof that the underlying grievance was meritorious." *Vaca*, 386 U.S. at 195. In short, the issue is not whether the union's interpretation of the facts and contract language was correct, but whether it was arbitrary. *Tedford v. Peabody Coal Co.*, 533 F.2d 952, 957 (5th Cir. 1976).

In this case, the record is clear that the CBA contains no definition or

4

explanation as to what constitutes "substantially equal" qualifications. This lack of definition afforded the union wide latitude in its assessment of the equality of Taaffe and Markham's qualifications. Although Taaffe's attendance was better than Markham's, the evidence was that the employer considered both to have some "attendance issues." Nor was there any other evidence in the record from which we could determine that it was unreasonable for the union to determine that the two employees' attendance records were not "substantially equal."

Although we may not agree with the union's assessment of these two employees' qualifications, it is not within our authority to substitute our judgment for that of the union's in this regard. So long as the union's interpretation of the facts and the contract language in neither "arbitrary nor perfunctory," and there is no evidence that the union acted in reckless disregard for the employee's rights, we do not second-guess its determination that seniority prevails in this case over two less-than-perfect attendance records.

We agree with district court that:

A seniority dispute between members of the same bargaining unit, however, places the Local in a position of conflict which may fairly be said to be inherent in the structure of federal labor laws . . .

But we are not ready to find a breach of the collective bargaining agent's duty of fair representation in taking a good faith position contrary to that of some individuals whom it represents nor in supporting the position of one group of employees against that of

5

another . . . . "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in service of the unit it represents, subject always to compete good faith and honesty of purpose in the exercise of its discretion."

(quoting *Keane v. Eastern Freightways, Inc.*, Case Nos. 75-402 and 75-416, 1976 WL 1500 at *5-6 (D.N.J. May 5, 1976) (internal citations omitted).

Thus, as there is also no evidence of discriminatory or bad faith conduct on the part of the union in this case, we conclude that the evidence in the record is insufficient to disturb the "wide range of reasonableness" to be afforded the Union in the handling of this grievance.

## III.

For the foregoing reasons, the district court's judgment is

AFFIRMED.