[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK

No. 10-12445
_____

Agency No. 12-CA-22202


ROADWAY EXPRESS, INC.,

Petitioner,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent.

AMADEO BIANCHI,

Intervenor.

_____

Petition for Review of a Decision of the
National Labor Relations Board and
Cross Application for Enforcement

_____

(May 27, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Roadway Express, Inc. ("Roadway") and International Brotherhood of Teamsters, Local 769 ("union") petition for review of a final National Labor Relations Board ("NLRB") ruling. Because we conclude that (1) issue preclusion does not bar the General Counsel of the NLRB ("General Counsel") from pursuing a claim against Roadway, and (2) substantial evidence supports the NLRB's conclusions that the union breached its duty of fair representation ("DFR") towards Amadeo Bianchi and that Roadway violated section 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), by discharging Bianchi, we deny appellants' petitions for review.

## BACKGROUND

In October 2001, Gerome Daniels, a former Roadway employee, was admitted into a hospital after he experienced chest pain while unloading a Roadway trailer. A few days later Daniels informed his union steward, Bianchi, that he had been injured at work. Bianchi helped Daniels file an injury claim. After investigation of the claim, Roadway discharged Bianchi because it believed he assisted Daniels in filing a fraudulent worker's compensation claim.

2

Daniels and Bianchi grieved their discharges in union arbitration hearings; both were represented by union agent Donald Marr. Marr and Bianchi were long-standing political rivals within the union, having run against each other for office six times and having twice appeared before a union master to settle campaign disputes. Notwithstanding their apparent enmity, when at the end of the arbitration hearing the committee asked Bianchi whether the union had represented him properly and fully, Bianchi answered in the affirmative. Bianchi states in his briefs on appeal that he did so because he wanted to return to work without further delay. Without stating its reasoning, the arbitration committee denied both Daniels's and Bianchi's grievances and upheld their discharges from Roadway.

Bianchi then filed unfair labor practices claims against Roadway and the union in a private lawsuit before a federal district court. The jury found in favor of Bianchi on his DFR claim,[1] but this Court reversed, granting Roadway's motion

---

[1]As summarized by this Court in *Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278, 1281 (11th Cir. 2006) (per curiam),

> [t]he jury held for Bianchi against both Roadway and the Union, finding: (1) that Roadway had terminated Bianchi without just cause in violation of the [collective bargaining agreement]; (2) that the Union had breached its DFR by Marr's handling of Bianchi's grievance proceedings arbitrarily, discriminatorily and/or in bad faith; and (3) that the Union's breach materially affected the outcome of Bianchi's grievance hearing.

3

for judgment as a matter of law. *See Bianchi v. Roadway Exp., Inc.*, 441 F.3d 1278, 1279 (11th Cir. 2006) (per curiam). We reasoned that Bianchi had waived any claim that Marr represented him in bad faith by failing to raise it before the arbitration committee.

The General Counsel then filed before the NLRB an unfair labor practice complaint against Roadway and the union, asserting that Bianchi was wrongfully discharged on the basis of protected union activities and that the union breached its DFR towards Bianchi during his grievance proceedings. In March 2008, the ALJ dismissed the DFR claim against the union and upheld Bianchi's discharge from Roadway. On review, the NLRB (1) affirmed the ALJ's conclusion that issue preclusion did not bar the General Counsel from asserting a breach of the DFR as a basis for declining to defer to the arbitration results; (2) affirmed the ALJ's findings that the arbitration results were not the product of a fair and regular proceeding and that Roadway violated section 8 of the NLRA by discharging Bianchi; and (3) reversed the ALJ's finding that the union had not breached its DFR toward Bianchi. Accordingly, the NLRB awarded Bianchi seven years of backpay and ordered Roadway to reinstate him. Roadway and the union now petition for review of the NLRB decision.

## STANDARD OF REVIEW

4

We must accept the NLRB's findings with respect to questions of fact if they are supported by substantial evidence on the record considered as a whole. *See* 29 U.S.C. § 160(e). "Substantial evidence is more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Fla. Steel Corp. v. NLRB*, 587 F.2d 735, 745 (5th Cir. 1979) (citations omitted) (internal quotation marks omitted). While this Court will not act as a mere enforcement arm of the NLRB, *see BE &K Constr. Co. v. NLRB*, 133 F.3d 1372, 1375 (11th Cir. 1997) (per curiam), we will not substitute our own judgment for the NLRB's choice between two reasonable positions. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).

## DISCUSSION

The threshold question is whether issue preclusion operates to bar the General Counsel from pursuing its DFR claim against Roadway in light of this Court's ruling in *Bianchi*, 441 F.3d 1278, that Bianchi waived it. For issue preclusion to apply, both cases must involve the same parties or their privies. *See EEOC v. Pemco Aeroplex, Inc.* ("*Pemco*"), 383 F.3d 1280, 1285 (11th Cir. 2004). Whether a party is in privity with another for purposes of issue preclusion is a question of fact that we review for clear error. *Id.* We have noted that the requirement of privity is "particularly important where the party in the second

5

action is a governmental agency reposed with independent statutory power to enforce the law and having independent interests not shared by a private party." *Id.*

Congress vested the General Counsel with the independent authority to enforce the NLRA. *See* 29 U.S.C. § 153(d). Similarly, section 10(a) of the NLRA states that the NLRB's authority to prevent unfair labor practices "shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law or otherwise . . . ." 29 U.S.C. § 160(a). Further, the NLRB has independent interests—while Bianchi's interest is in seeking reinstatement and damages for the personal harm resulting from his discharge, the NLRB represents the "public['s] interest in effectuating the policies of the federal labor laws, not the wrong done the individual employee" when "fashioning unfair labor practice remedies." *Vaca v. Sipes*, 386 U.S. 171, 182 n.8 (1967). To put it another way, the NLRB's interest is in protecting the workforce as a whole by pursuing remedies that will deter future unfair labor practices. Whether those remedies would fully redress Bianchi's individual injuries is irrelevant in this case. Thus, we conclude that the General Counsel of the NLRB and Bianchi were not in privity for purposes of invoking issue preclusion. *See Pemco*, 383 F.3d 1280 at 1283 (holding that the district court erred by applying issue preclusion against the

EEOC where employer had prevailed in a separate lawsuit brought by a number of individual plaintiffs alleging racial harassment).

Next, we consider the record as a whole to determine whether substantial evidence supports the NLRB's conclusion that the union breached its DFR towards Bianchi, despite a union arbitration decision to the contrary. Notwithstanding Bianchi's statement at the end of the arbitration hearing that he believed Marr had represented him "properly and fully," the NLRB concluded that Marr had "allowed his personal animosity towards Bianchi to undermine his defense of Bianchi's grievance . . . ." The NLRB further stated that "the record demonstrates that Marr acted in bad faith . . . by deliberately misleading the [arbitration c]ommittee about crucial matters . . . ."

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. The burden to establish a breach of DFR is "a substantial one." *Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982) (quoting another source). Further, mere negligence is never sufficient to sustain a claim for breach of the DFR. *Parkers v. Connors Steel Co.*, 855 F.2d 1510, 1521 (11th Cir. 1988). Nor are simple mistakes of judgment during the representation. *Harris*, 668 F.2d at 1206. In

7

*Spielberg Manufacturing Co.*, 112 NLRB 1080, 1082 (1955), the NLRB explained that deference to an arbitration decision is warranted only where "the proceedings appear to have been fair and regular, all parties had agreed to be bound, and the decision of the arbitration panel is not clearly repugnant to the purposes and polices of the [NLRA]." The NLRB has refused to defer to an arbitration where it found a breach of the DFR, a conflict of interest, or hostility between the union and grievants. *See Tubari Ltd., Inc.*, 287 NLRB 1273, 1273–74 & n.4 (1988).

Here, substantial evidence in the record supports the NLRB's conclusion that Marr's representation of Bianchi was in bad faith. The NLRB found that Bianchi failed to disclose exculpatory information that would have aided Bianchi and that Marr purposefully persuaded the arbitration committee that Bianchi believed Daniels's injury was not work-related but encouraged him to file it as such anyway. After careful review of the record and having heard oral argument on the matter, we hold that substantial evidence supports the NLRB's conclusion that the union breached its DFR towards Bianchi in violation of section 8(b)(1)(A) of the NLRA. Thus, the NLRB did not err by refusing to defer to the arbitration committee's decision.

And finally, we consider the record as a whole to determine whether substantial evidence supports the NLRB's finding that Roadway violated section

8(a)(1) of the NRLA, § 158(a)(1), by discharging Bianchi. The ALJ found that Roadway believed that Bianchi knowingly helped Daniels file a fraudulent work-injury report. The ALJ also found that Bianchi believed that report to be truthful and therefore had not engaged in misconduct in the course of his protected union-steward activities. Agreeing with the ALJ, the NLRB stated that "[t]he credited testimony establishes that Daniels told Bianchi that he was injured at work." Thus, the NLRB concluded that Bianchi was acting within the scope of his protected union-steward activities when assisting Daniels.

An employer's conduct violates section 8(a)(1) of the NRLA if it has a reasonable tendency to interfere with employees' section 7 right to "form, join or assist labor organizations." *Id.* § 157; § 158(a)(1). The Supreme Court has said that an employer violates section 8(a)(1) where "the discharged employee was at the time engaged in a protected activity, that the employer knew it was such, that the basis of the discharge was an alleged act of misconduct in the course of that activity, and the employee was not, in fact, guilty of that misconduct." *NLRB v. Burnup & Sims, Inc.*, 379 U.S. 21, 23 (1964). An employer acts unlawfully by discharging an employee for misconduct arising out of protected activity when it is shown that the misconduct never occurred, despite the employer's honest belief that it did. *Id.* at 23.

9

We conclude that substantial evidence in the record considered as a whole supports the NLRB's conclusion. Despite Roadway's honest belief that Bianchi had engaged in misconduct, it violated section 8 by discharging him on the basis of protected union-steward activities.

For the foregoing reasons, we deny Roadway's and the union's petitions for review and enforce in full the order of the NLRB.

**PETITION FOR REVIEW DENIED, CROSS-APPLICATION FOR ENFORCEMENT GRANTED.**