[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12971
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61577-RNS

JAMIE DANIELS,

Plaintiff-Appellant,

versus

UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA, AFL-CIO, AMALGAMATED
LOCAL 2278,
BROWARD TEACHERS UNION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 5, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges:

PER CURIAM:

Jamie Daniels appeals the district court's grant of summary judgment in favor of Daniels' union, the United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO, Amalgamated Local 2278 (UAW), and Daniels' former employer, Broward Teachers Union (BTU).  Daniels brought a hybrid action pursuant to § 301 of the National Labor Management Relations Act asserting a breach of the duty of fair representation against UAW, and a breach of contract by BTU.  On appeal, Daniels asserts the district court erred in granting summary judgment in favor of UAW and BTU because (1) the district court erred in determining Daniels' Layoff Grievance did not relate back to his Complaint, and (2) a reasonable jury could find the number of ways the UAW was negligent in its representation of Daniels' grievances is enough to show the UAW did not fulfill its duty of fair representation.  After review,[1] we affirm the district court's grant of summary judgment to UAW and BTU.

## I.  BACKGROUND

Daniels was employed by BTU as a business agent.  Daniels' union, UAW, is the exclusive bargaining agent for BTU's union organizers.  The terms and conditions of employment applicable to UAW bargaining unit members are contained in a contract titled "Contract between UAW/Local 2278 Staff Union and

---

[1] We review "the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion." *Coppage v. U.S. Postal Serv.*, 281 F.3d 1200, 1203 (11th Cir. 2002).  "This court will affirm a grant of summary judgment if it is correct for any reason." *United States v. $121,000 in U.S. Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993).

the Broward Teachers Union, July 1, 2010 – June 30, 2013" (CBA). In July 2011, BTU laid off Daniels and three other UAW-represented BTU employees, claiming the layoffs were a result of a financial emergency.

## A. *Layoff Grievance*

On July 31, 2011, UAW filed a grievance (Layoff Grievance), asserting BTU did not validate the existence "of a financial emergency necessitating the layoff[s]." The dispute was submitted to the American Arbitration Association (AAA). UAW and BTU postponed a scheduled hearing, and the AAA wrote multiple letters to the parties asking for a status on the matter. Receiving no response, the AAA sent a letter stating it had closed its file on September 7, 2012.

UAW asserts it investigated BTU's claim a financial emergency existed and withdrew the Layoff Grievance because it believed it could not prevail. BTU provided UAW with financial and membership information on August 1, 2011. Further, in November and December of 2011, multiple news articles reported BTU's precarious financial condition. The articles reported BTU's president misappropriated funds and covered up a $3.8 million budget shortfall, as well as the fact he was accepting salary overpayments. Denise Megiel-Rollo, the President of UAW, testified that, after reviewing the provided information and talking to BTU employees, she and a UAW International representative decided not to arbitrate the Layoff Grievance. Megiel-Rollo also submitted an affidavit stating

3

the decision not to pursue the Layoff Grievance was based upon a considerable investigation.

## B.  First Recall Grievance

Six months after the layoffs, BTU executed a Memorandum of Understanding with the School Board of Broward County, providing for the temporary duty leave of two Broward County teachers.  The two teachers performed various duties, including work performed by the bargaining unit for BTU.

In February 2012, UAW filed a grievance protesting BTU's failure to recall Daniels and other laid-off employees (First Recall Grievance).  The First Recall Grievance asserted "the employer hired 2 new employees into new positions ignoring the requirement to rehire laid off personnel and posting of vacancies." Megiel-Rollo testified UAW later withdrew the First Recall Grievance based on statements from BTU representatives that the temporary duty leave teachers would be discontinued at the end of the school year.

## C.  Second Recall Grievance

In July 2012, BTU executed a second Memorandum of Understanding with the School Board of Broward County, providing for the temporary duty leave of the same two teachers for the 2012-2013 school year.  In August 2012, UAW filed

another grievance protesting BTU's failure to recall Daniels and the other laid-off employees (the Second Recall Grievance).

The parties arbitrated the Second Recall Grievance before the AAA in February 2013. At the hearing, UAW argued BTU violated three provisions of the CBA. The arbiter heard testimony from two witnesses on behalf of UAW and three witnesses on behalf of BTU. Although Daniels' attorney asked to represent Daniels at the arbitration, UAW declined, and neither Daniels nor his attorney was present.

UAW argued the CBA required BTU to recall laid-off field staff, including Daniels, before it could hire temporary-leave teachers. BTU denied violating the CBA, and argued that another provision of the CBA authorized BTU to employ the temporary-leave teachers. In a written opinion, the arbiter denied the Second Recall Grievance.

## II.  DISCUSSION

A hybrid § 301/fair representation claim is comprised of (1) a claim against the employer for breach of the collective bargaining agreement, and (2) a claim against the union for breach of its duty of fair representation. *Coppage v. U.S. Postal Serv.*, 281 F.3d 1200, 1203-04 (11th Cir. 2002). In order to prevail, the plaintiff must show both the employer's discharge was contrary to the contract, and the union breached its duty of representation, such as in the handling or arbitration

5

of grievances.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).   To show the union breached its duty, a plaintiff must demonstrate the union's handling of his or her grievance was "arbitrary, discriminatory, or in bad faith."  *Airline Pilots Assoc., Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quotation omitted).  This can be shown by evidence the union abandoned or ignored a grievance for no reason or processed it in a "perfunctory fashion."  *Vaca v. Sipes*, 386 U.S. 171, 190-91 (1967).

After cross-motions for summary judgment, the district court granted summary judgment in favor of BTU and UAW.  The district court concluded (1) Daniels' claim regarding his Layoff Grievance was time-barred, and (2) UAW did not breach its duty of fair representation as to Daniels' claims regarding the First and Second Recall Grievances.[2]

A.  *Layoff Grievance*

Daniels contends the district court erred in determining his Layoff Grievance did not relate back to his Initial Complaint, filed on July 16, 2012, and was thus time-barred.  However, even assuming Daniels can show his claim is not time-barred, his Layoff Grievance claim fails because he cannot show UAW's handling of the grievance was "arbitrary, discriminatory, or in bad faith."  *Airline Pilots Assoc. Int'l*, 499 U.S. at 67 (quotation omitted).  Employees do not have an

---

[2]  Because the district court concluded UAW did not breach its duty of fair representation, it did not address whether BTU violated the CBA.

6

absolute right to have a grievance taken to arbitration, as long as the union's decision not to arbitrate made on behalf of the employee is done "honestly and in good faith." *Vaca*, 386 U.S. at 191-92.  UAW had ample reason to withdraw the Layoff Grievance.  BTU provided UAW with Profit and Loss Statements, Management Income Statements, and membership information for 2008-2011.  Further, BTU's precarious financial position was well-publicized.  UAW decided it could not sustain the claim after reviewing this information.  UAW reasonably believed it would lose on a claim BTU was not in a financial emergency.  Daniels' assertion UAW failed to audit BTU's accounting ledger does not show bad faith, as the information UAW had in its possession already showed it could not sustain the grievance.  The evidence shows the decision to withdraw the Layoff Grievance was made honestly and in good faith.  Thus, UAW did not breach its duty of fair representation as to Daniels' Layoff Grievance.  *See id.*

B.  *First and Second Recall Grievances*

Daniels asserts UAW engaged in a series of repeated negligent actions, which supports a claim of a breach of the duty of fair representation.  As to the First Recall Grievance, we affirm the district court's determination UAW did not breach its duty of fair representation.  As stated above, employees do not have an absolute right to have a grievance taken to arbitration, as long as the decision not to arbitrate made on behalf of the employee is done "honestly and in good faith."  *Id.*

7

UAW investigated this grievance and learned BTU planned to discontinue the employment of temporary duty leave teachers.  The decision to withdraw the grievance was made in good faith reliance on BTU's assurances.

As to the Second Recall Grievance, if a "grievance was fairly presented a court will not second guess an arbitrator's decision regarding the merits of the employee's grievance." *Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982).  Daniels attempts to show his grievance was not fairly presented by pointing to multiple ways in which UAW was allegedly negligent in presenting his claim.  However, even if UAW were negligent in presenting his grievance, "Cases are uniform in holding that neither negligence on the part of the union nor a mistake in judgment is sufficient to support a claim that the union acted in an arbitrary and perfunctory manner. . . . Nothing less than a demonstration that the union acted with reckless disregard for the employee's rights or was grossly deficient in its conduct will suffice to establish such a claim." *Id.* at 1206-07

The record shows UAW took the grievance to arbitration, called witnesses, cross-examined BTU's witnesses, provided the arbiter with a post-hearing brief, and advanced relevant arguments regarding why BTU's conduct breached the CBA.  Based on this evidence, UAW's conduct with regard to the Second Recall Grievance cannot be characterized as perfunctory, arbitrary, or discriminatory.

## III.  CONCLUSION

UAW did not breach its duty of fair representation of Daniels with regard to any of the three grievances.  Thus, we affirm the district court's grant of summary judgment to UAW and BTU.

**AFFIRMED.**