[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10078

Non-Argument Calendar

_____

DEREK LEROY MCSMITH,

Plaintiff-Appellant,

*versus*

UNITE HERE LOCAL 23,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-04233-SCJ

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Derek McSmith appeals from the district court's grant of summary judgment to Unite Here Local 23 in his case alleging that Unite Here Local 23 breached its duty of fair representation, in violation of § 301 of the Labor Management Relations Act of 1987, 29 U.S.C. § 185.  McSmith argues that the district court did not make a finding of fact regarding the settlement agreement that he reached with his former employer, HMSHost International, brokered by Unite Here Local 23, and that, despite reaching a settlement agreement, the agreement was not executed, nor was he provided a copy of the terms and conditions or the monetary amount in writing.

We review a district court's grant of summary judgment *de novo*, viewing all the evidence and drawing all reasonable factual inferences in favor of the nonmoving party.  *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017).

Appellants are required to identify any issues specifically and clearly that they want us to address in their initial briefs.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Any legal arguments that were not briefed before us are deemed abandoned and we will not consider their merits.  *Id.*; *see also Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a party waives an issue by failing to include

substantive argument as to an issue and only making a passing reference to the order appealed from). While *pro se* briefs should be liberally construed, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008).

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue as to any material fact and is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The motion should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as outlined in Rule 56(a), is satisfied. *Id.*

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact. *Id.* If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(a), the court

may consider the facts undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). Similarly, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(a), the court may grant summary judgment if the motion and supporting materials, including the undisputed facts, show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3).

A labor union has a statutory duty of fair representation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). A union breaches its duty only if its actions toward members are arbitrary, discriminatory, or in bad faith. *Id.* at 190. A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). A union has broad discretion in prosecuting grievance complaints, which includes not only the right to settle the dispute short of arbitration but also to refuse to initiate the first steps in the appeal procedure when it believes the grievance to be without merit. *See Turner v. Air Transport Dispatchers' Ass'n*, 468 F.2d 297, 300 (5th Cir. 1972).

We have held that a union is allowed considerable latitude in its representation of employees because the grievance and arbitration process is not conducted in a judicial forum and union

representatives are not held to strict standards of trial advocacy. *Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982). Neither negligence on the part of the union, nor a mistake in judgment, is sufficient to support a claim that the union acted in an arbitrary and perfunctory manner. *Id.* The claimant must demonstrate that the union acted with reckless disregard for the employee's rights or was grossly deficient in its conduct to establish a claim for breach of the duty of fair representation. *Id.* at 1207.

McSmith did not fully brief the issue of the district court's grant of summary judgment to Unite Here Local 23, and thus, he has abandoned any challenge to summary judgment on appeal. Nevertheless, the district court did not err when it granted summary judgment to Unite Here Local 23 because the undisputed facts reflect that Unite Here Local 23 did not breach its duty of fair representation to McSmith. McSmith testified at his deposition that Local 23 did not discriminate against him, and he does not allege, nor does the record reflect, that Local 23 acted arbitrarily when it declined to pursue his termination grievance.

Although McSmith alleged that Local 23 acted in bad faith, the record does not reflect that contention. The undisputed facts reflect that Local 23's decision as to whether to pursue grievances to arbitration was a discretionary one, and under binding law in this Circuit, a union has the discretion to settle short of arbitration a grievance that it believes has no merit. *See Turner*, 468 F.2d at 300. Given the fact that McSmith was caught sleeping while clocked in for work, which constituted conduct for which Local 23

knew HMSHost routinely terminated employees, Local 23 was not negligent, let alone reckless or grossly deficient, or that its behavior was so far outside a wide range of reasonableness that it was irrational when it determined that McSmith's termination grievance lacked merit and, therefore, decided not to pursue it. *See Air Line Pilots Ass'n, Int'l*, 499 U.S. at 67; *Harris*, 668 F.2d at 1206-07. Moreover, the facts asserted in Local 23's statement of undisputed material facts indicate that HMSHost did not need to provide a response after the Step 2 meeting because the grievance was considered closed. The facts also show that the back pay issue was resolved, which McSmith, notably, admitted in his complaint.

For the foregoing reasons, the decision of the district court is affirmed.

**AFFIRMED.**